IC

RECEIVED
B.I
3/11/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **GRAND SHEIK LYONEL LOVE EL** | ) | |
| **ASSISTANT GRAND SHEIKESS** | ) | |
| **M.D. LOVE EL** | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| | ) | **Case No.: 24-cv–13173** |
| **V.** | ) | |
| | ) | |
| **J.B. PRITZKER, ALEXI GIANNOULIAS** | ) | |
| **TONI PRECKWINKLE, MONICA** | ) | |
| **GORDON, AND BRANDON JOHNSON** | ) | |
| **Defendants.** | ) | |

**<u>COMPLAINT FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS, CIVIL RIGHTS, AND RELIGIOUS DISCRIMINATIONS</u>**

**"FIAT JUSTITIA, RUAT COELUM".**
**"LET RIGHT BE DONE, THOUGH THE HEAVENS SHOULD FALL".**

The Articles of Association: First Continental Congress of the United States of America, 1774.
The Declaration of Independence: Second Continental Congress of the United States of America, 1774.
The Articles of Confederation For the United States of America, Agreed to by Congress November 15, 1777; ratified and in force, March 1, 1781.
The Northwest Ordinance, territories to become Republic forms of government, in force since July 13, 1787.
The Constitution for the United States of America, inaugurated in New York City on March 4th, 1789.
The Bill of Rights, Amendments I through X, adopted by Congress on September 30th, 1789.
The Original Organic Constitution For the State of Illinois of 1818, and admission into the Union on August 26, 1818.

Plaintiffs Grand Sheik Lyonel Love EL and Assistant Grand Sheikess Moalt Love EL, by and through their own right, submit this complaint against defendants for violations of their constitutional, statutory, and civil rights. Plaintiffs seek declaratory and injunctive relief, as well as monetary damages, based on the following:

## <u>JURISDICTION AND VENUE</u>

This court has jurisdiction pursuant to 28 U.S.C. Section 1331 (federal question), 28 U.S.C. Section 1343 (civil rights violations), and 28 U.S.C. Section 1983 (civil action for deprivation of rights under the color of law). Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. Section 1391(b), as the events giving rise to this claim occurred in this judicial district.

Plaintiffs are Moorish Americans, a religious and cultural group recognized under 42 U.S.C. Section 2000bb (Religious Freedom Restoration Act).

## FACTUAL BACKGROUND

The Moorish Science Temple of America as a Body Politic and Corporate (MSTA) is a religious corporation founded by Prophet Noble Drew Ali in 1913 A.D., advocating for self determination, nationality, and religious freedom. Plaintiffs have been systematically denied equal treatment in Cook County, particularly with respect to access to legal documents, filing of religious trust documents, and recognition of their religious status. On July 21, 2016, Plaintiff Lyonel Love EL and Assistant Grand Sheikess Moalt D. Love EL attempted to access the Recorder of Deeds/Registrar of Torrens Titles Office at 118 N. Clark Street, where they sought information regarding Trust Document # 10105905. Instead, they were unlawfully removed by Cook County Sheriff Deputies, constituting an unlawful denial of access. Plaintiffs have been subjected to unlawful discrimination, including refusal to recognize Moorish Science Temple of America as a legitimate religious organization, in violation of the First and Fourteenth Amendments. On multiple occasions, defendants have refused to process and record religious affidavits, rejecting legal/lawful documentation Moorish American governance and self determination. Plaintiffs have suffered economic harm, emotional distress, and reputational damage due to defendants' unlawful and unconstitutional policies.

## CAUSES OF ACTION

### COUNT I - VIOLATION OF THE FIRST AMENDMENT (FREE EXERCISE OF RELIGION)

Plaintiffs reassert and incorporate all previous paragraphs as if fully stated herein. The First Amendment to the United States Constitution guarantees freedom of religion and prohibits the government from interfering with religious practices. Defendants have denied Plaintiffs' religious filings, obstructed recognition of their lawfully established trust, and prevented them from exercising their religious and administrative rights. Such actions constitute a violation of 42 U.S.C. Section 2000bb (Religious Freedom Restoration Act).

### COUNT II - VIOLATION OF THE 14TH AMENDMENT (EQUAL PROTECTION AND DUE PROCESS)

Plaintiffs reassert and incorporate all previous paragraphs as if fully stated herein. The equal protection clause guarantees that all persons be treated equally under the law. Plaintiffs have been subjected to discriminatory treatment, whereas other religious organizations have not faced similar restrictions. By refusing to process legal and religious documents, defendants have deprived Plaintiffs of due process rights under the law.

### COUNT III - VIOLATION OF 42 U.S.C. SECTION 1983 (DEPRIVATION OF RIGHTS UNDER THE COLOR OF LAW)

Under 42 U.S.C. Section 1983, it is unlawful for any government official to deprive individuals of constitutional rights under the color of law. Defendants acting in their official capacities, used their authority to unlawfully block, reject, and discriminate against Plaintiffs. Such actions have caused irreparable harm and constitute violations of the first and the fourteenth amendments.

**COUNT IV - INTENTIONAL RELIGIOUS DISCRIMINATION (TITLE VII & CIVIL RIGHTS ACT OF 1964)**

Title VII of the Civil Rights Act of 1964 prohibits discrimination based on religion. Defendants have engaged in patterns of discrimination, preventing Plaintiffs from exercising rights enjoyed by other religious groups. Such intentional discrimination has resulted in economic and reputational harm.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A declaratory judgment that the defendants' actions violate the United States Constitution and Federal Civil Rights Laws.

**A permanent injunction prohibiting defendants' from:**

Blocking access to religious document filings.

Discriminating against Moorish Americans.

Refusing to process lawful religious and legal documentation.

An award of compensatory damages in the amount of $25,000,000.00 for economic, emotional, and reputational harm.

An award of punitive damages as deemed just and proper by the Court.

Attorney's fees and cost pursuant 42 U.S.C. Section 1988.

Any further relief the Court deems just and equitable.

Dated: March 11, 2025

**FURTHER THIS AFFIANT SAITH NOT.**

**RESPECTFULLY SUBMITTED**
**Grand Sheik LYONEL LOVE EL**
**Assistant Grand Sheikess MOALT LOVE EL**
**UCC-1-308, UCC-1-207, ALL RIGHTS RESERVED**

THE PROPHET IS THE FOUNDER OF THE MOORISH DIVINE NATIONAL MOVEMENT ★ NOBLE DREW ALI
IN NORTH AMERICA
7
FOUNDED 5-1-1916